[Cite as *State v. Raber*, 2011-Ohio-3888.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 10CA0020 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KYLE D. RABER | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 08-CR-0117 |

DECISION AND JOURNAL ENTRY

Dated: August 8, 2011

BELFANCE, Presiding Judge.

{¶1} Appellant, Kyle Raber, appeals from the order of the judgment entry of the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Raber pleaded guilty to a single count of sexual imposition, a third-degree misdemeanor. The court sentenced him to sixty days in jail, thirty of which were suspended, and placed him on community control for a period of two years. Mr. Raber did not appeal the December 1, 2008 judgment entry of his conviction and sentence.

{¶3} At the sentencing hearing, the court expressed uncertainty about whether Mr. Raber would be required to register as a sex offender. With the agreement of the parties, the court took the matter under advisement so that counsel could have the opportunity to brief issues related to sex offender classification. The court later determined that, pursuant to R.C. 2950.01(B)(2), Mr. Raber would be required to register as a sex offender only if the conduct

underlying Mr. Raber's conviction was non-consensual. The court held an evidentiary hearing at which it determined that the conduct was not consensual and that Mr. Raber was therefore required to register as a sex offender. Pursuant to R.C. 2950.03, the court subsequently held another hearing, journalized in its April 14, 2010 entry, at which it provided Mr. Raber with notice of the sex offender registration requirements.

{¶4} Mr. Raber appealed presenting three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

"The December 1, 2008 Judgment Entry Was a Final Order And, At That Time, The Trial Court Was Divested of Jurisdiction Over This Case[.]"

ASSIGNMENT OF ERROR II

"The March 4, 2010 And April 14, 2010 Court Orders Were Nullities Due To The Fact The Trial [Court] Had No Jurisdiction After The December 1, 2008 Judgment Entry Was Journalized[.]"

{¶5} In his first and second assignments of error, Mr. Raber asserts that the trial court lacked subject matter jurisdiction to conduct the March 2, 2010 evidentiary hearing or to issue any orders concerning sex offender classification after it filed its judgment entry of conviction and sentence on December 1, 2008.

{¶6} Essentially, Mr. Raber argues that the trial court did not have jurisdiction to determine whether he was a sex offender because it no longer had jurisdiction over the case after entering a final judgment of conviction and sentence. Mr. Raber contends that the trial court not only lacked jurisdiction to alter his final sentence but it also lacked authority to provide notice of and impose a sex offender classification after sentencing. In particular, he points to language in the current version of the Adam Walsh Act that the "judge shall provide the notice to the offender *at the time of sentencing*." (Emphasis in original.) See R.C. 2950.03(A)(2).

{¶7}    We are not convinced that the trial court lacked jurisdiction to proceed as it did. In reaching that conclusion, we find *State v. Clayborn*, 125 Ohio St.3d 450, 2010-Ohio-2123, to be instructive.   In addressing the current version of Chapter 2950 of the Ohio Revised Code, the *Clayborn* Court discussed the unique nature of sex-offender-classification proceedings.   The Court noted that "[w]hile sex-offender-classification proceedings are civil in nature and require a civil manifest-weight-of-the-evidence standard, * * * an appeal from a *sexual offender classification judgment* is a civil matter within the context of a criminal case."   (Emphasis added.)  Id. at ¶11.   The above supports the notion that a determination that a defendant is a sex offender as specified by Chapter 2950 of the Ohio Revised Code constitutes a separate and distinct judgment from the judgment of conviction and sentence.   See id.; see, also, *State v. Wood,* 5th Dist. No. 09-CA-205, 2010-Ohio-2759, at ¶14 (concluding sex offender classification is not part of the defendant's sentence and thus determining there was no error in classifying defendant after imposing sentence); *State v. Williams*, 177 Ohio App.3d 865, 2008-Ohio-3586, at ¶¶10-11 ("Accordingly, in either a defendant's or a state's appeal, an appeal from the defendant's classification is legally distinct from any appeal regarding his underlying sentence. Despite the fact that Williams's sentence was void and had to be vacated pursuant to *Bezak*, the status of her sentence did not affect the status of her classification.")   Thus, Mr. Raber's argument that a trial court is impermissibly modifying a defendant's final judgment of conviction and sentence when it classifies a defendant as a sex offender post-sentence is not well taken.

{¶8}    Accordingly, until the Supreme Court directs this Court otherwise, we will continue to rely on our precedent and *Clayborn*, which support the conclusion that the trial court possessed jurisdiction in this matter.   See, e.g., *Clayborn* at ¶11; *Williams* at ¶¶10-11. Accordingly, we overrule Mr. Raber's first and second assignments of error.

ASSIGNMENT OF ERROR III

"The March 2, 2010 Evidentiary Hearing Violated The Defendant-Appellant's Rights Under The United States Constitution[.]"

**{¶9}** In his third assignment of error, Mr. Raber asserts that the trial court violated his right against Double Jeopardy, his right against self-incrimination, and his due process rights in conducting the March 2, 2010 evidentiary hearing to determine whether the sexual conduct involved in Mr. Raber's offense was consensual.

**{¶10}** Mr. Raber did not raise these arguments in the trial court. Accordingly, Mr. Raber has forfeited them. See *State v. Cargile,* 123 Ohio St.3d 343, 2009-Ohio-4939, at ¶15 ("[T]here is no indication that Cargile * * * argued a violation of this right before the trial court. Cargile failed to raise this claim and has thereby waived it."); *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, at ¶155 ("[A] constitutional right can be waived in criminal cases by the failure to make timely assertion of it."); *State v. Childs* (1968), 14 Ohio St.2d 56, 61 ("It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."). Further, as Mr. Raber has not argued plain error on appeal, this Court declines to construct an argument for him. See *State v. Hoang,* 9th Dist. No. 09CA0061-M, 2010-Ohio-6054, at ¶21. Mr. Raber's third assignment of error is overruled.

III.

**{¶11}** Mr. Raber's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

EVE V. BELFANCE
FOR THE COURT

 

MOORE, J.
CONCURS

DICKINSON, J.
CONCURS, SAYING:

{¶12} I concur in the majority's judgment and in most of its opinion. I do not concur in the majority's refusal to consider whether the trial court committed plain error by not holding an evidentiary hearing regarding whether the sexual conduct at issue was consensual until 15 months after Mr. Raber pleaded guilty. The trial court's failure did not constitute plain error, and, therefore, I agree that Mr. Raber's third assignment of error is properly overruled.

APPEARANCES:

DAVID T. EAGER, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.