THE STATE OF OHIO, APPELLEE, *v.* RABER, APPELLANT.

[Cite as *State v. Raber,* 134 Ohio St.3d 350, 2012-Ohio-5636.]

*Criminal law—Final judgments—Double jeopardy—Trial court lacks authority to reconsider a final judgment—Double Jeopardy Clause protects against multiple criminal punishments for the same offense in successive proceedings—Judgment reversed.*

(No. 2011-1383—Submitted August 21, 2012—Decided December 5, 2012.)

APPEAL from the Court of Appeals for Wayne County,

No. 10CA0020, 2011-Ohio-3888.

_____

SYLLABUS OF THE COURT

1. A trial court lacks authority to reconsider a final judgment in a criminal case. (*State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997), and *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992), followed.)

2. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against the imposition of multiple criminal punishments for the same offense in successive proceedings. (*Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), and *United States v. Husein*, 478 F.3d 318 (6th Cir.2007), followed.)

_____

O'DONNELL, J.

{¶ 1} Kyle Raber appeals from a judgment of the Ninth District Court of Appeals that affirmed his classification as a Tier I sex offender based on his guilty plea to one count of sexual imposition. At issue is whether the trial court retained

authority to classify him as a Tier I sex offender more than a year after the entry of a final judgment of conviction for a sexually oriented offense.

{¶ 2} R.C. 2950.03(A)(2) directs a trial court to notify a sex offender of the duty to register as a sex offender at the time of a sentencing for a sexually oriented offense. However, pursuant to R.C. 2950.01(B)(2)(a), one who commits a sexually oriented offense is not a sex offender—and has no duty to register—if the offense involved "consensual sexual conduct or consensual sexual contact" with a victim over 18 years old who is not under the custodial authority of the perpetrator.

{¶ 3} At sentencing on November 26, 2008, the parties disputed whether the sexually oriented offense at issue here involved consensual activity. The court afforded the state an opportunity to demonstrate a lack of consent, but the state failed to do so, and the trial court subsequently sentenced Raber but did not order him to register as a sex offender. Notably, the trial court did not have a duty to order Raber to register as a sex offender pending its determination as to the consensual nature of the conduct, and having entered its judgment without the registration requirement, it implicitly incorporated into the judgment a finding that Raber has no duty to register.

{¶ 4} The court therefore lacked authority to reopen its sentencing to reconsider its prior judgment or to find the sexual activity to be nonconsensual and classify Raber as a Tier I sex offender more than a year after it had imposed its original sentence. In addition, because sex-offender registration is now punitive in nature, double-jeopardy protections barred the court from subsequently classifying Raber as a Tier I sex offender at a new proceeding held more than a year after its original sentence.

{¶ 5} Accordingly, the judgment of the court of appeals is reversed.

2

## Facts and Procedural History

{¶ 6}   On February 18, 2008, 18-year-old Kyle Raber and his 18-year-old former girlfriend engaged in consensual intercourse in her bedroom.  Raber then asked her for anal sex.  Although she denied his request, he proceeded.

{¶ 7}   A Wayne County grand jury indicted him on April 4, 2008, on one count of sexual battery, a felony of the third degree, and on October 28, 2008, Raber pled guilty to an amended count of sexual imposition, a third-degree misdemeanor.

{¶ 8}   At the sentencing hearing held on November 26, 2008, the parties disputed whether the misdemeanor conviction for sexual imposition required Raber to register as a sex offender, because R.C. 2950.01(B)(a) does not require registration if the offense involved consensual sexual activity with another over the age of 18.  At the sentencing hearing, only hearsay statements of Raber's former girlfriend were presented on the issue of consent.  The parties agreed to brief the sex-offender-registration question, and the trial court took the matter under advisement.  However, the parties never submitted briefs on the issue, and on December 1, 2008, the court entered judgment, sentencing Raber to 60 days in jail (30 of them suspended), imposing a $500 fine, and ordering two years of community control.  Significantly, the court did not classify Raber as a sex offender and did not provide him with notice of a duty to register as a sex offender.

{¶ 9}   Thereafter, on October 19, 2009—more than ten months after entering its judgment of conviction—the trial court, sua sponte, scheduled a hearing for November 18, 2009.  No transcript of this hearing appears in the record.  The next day, however, the judge inexplicably transferred the matter to a different judge, who presided over an evidentiary hearing on March 2, 2010, to determine whether Raber should be classified as a sex offender subject to Tier I registration.  At that hearing, the victim testified that she had consented to vaginal

sex but not to anal intercourse. The second trial judge then found the sexual conduct to be nonconsensual and classified Raber as a Tier I sex offender subject to registration, and at another hearing on April 13, 2010, the court provided notice of Raber's Tier I classification, and the court journalized its judgment the next day, more than 14 months after the original sentencing.

{¶ 10} On August 6, 2010, the trial court released Raber from the two-year term of community control earlier imposed.

{¶ 11} Raber appealed his Tier I classification to the Ninth District Court of Appeals, claiming that his December 2008 conviction was a final order, and therefore, the court had no jurisdiction in 2010 to hear and decide the sex-offender-registration issue. The court rejected these arguments, holding that an order classifying a sex offender constitutes a separate judgment from the underlying conviction and sentence, and therefore, the trial court had not modified a final order when it imposed sex-offender registration 14 months after it had sentenced him. *State v. Raber*, 9th Dist. No. 10CA0020, 2011-Ohio-3888, ¶ 7-8. The court also concluded that Raber had forfeited any argument that the classification as a Tier I sex offender violated due process and prohibitions against double jeopardy and self-incrimination, because he failed to assert those claims in the trial court. *Id.* at ¶ 10.

{¶ 12} Raber now appeals to this court, urging that the trial court lacked jurisdiction to modify his conviction and sentence, which, he asserts, became a final judgment when the state failed to appeal. He notes that the court of appeals relied on caselaw construing the imposition of sex-offender registration pursuant to Megan's Law, which is a civil, remedial law, but he maintains that those cases do not apply to the classification of a sex offender pursuant to current R.C. Chapter 2950, which this court has now held to be punitive. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. Further, Raber contends that his classification as a Tier I sex offender deprived him of due

4

process by reopening a final judgment and that it violated the prohibition against double jeopardy by imposing additional punishment at a subsequent proceeding.

{¶ 13} The state claims that Raber agreed to delay the determination of whether he should be classified as a sex offender to a later time and that he benefited from this delay by not having to register. It also argues that any error is harmless, because "even Raber agrees that he should have been adjudicated a sex offender" and because a lack of consent is inherent in a guilty plea to sexual imposition. Lastly, the state asserts that the trial court had jurisdiction to correct the "clerical omission in the prior order" and impose sex-offender registration, and it maintains that there is no violation of due process or the prohibition against double jeopardy, because the court had authority to correct this omission.

{¶ 14} Accordingly, the issue becomes whether the trial court had authority to classify Raber as a sex offender 14 months after entering its judgment of conviction.

**Law and Analysis**

*S.B. 10*

{¶ 15} In January 2008, 2007 Am.Sub.S.B. No. 10 ("S.B. 10") took effect. It repealed Ohio's prior sex-offender-classification scheme and replaced it with a three-tiered system classifying sex offenders automatically, based on the offense of conviction: an adult Tier I offender is required to register with the county sheriff every year for 15 years; an adult Tier II offender is required to register every 180 days for 25 years; and a Tier III offender is required to register every 90 days for life. R.C. 2950.01(E) through (G), 2950.06(B), and 2950.07(B). S.B. 10 requires sex offenders to personally register in the county or counties in which they reside, attend school, and work. R.C. 2950.04(A)(2).

{¶ 16} R.C. 2950.03(A)(2) directs the trial court to notify a sex offender of the duty to register at sentencing for a sexually oriented offense, providing:

Regardless of when the person committed the sexually oriented offense or child-victim oriented offense, if the person is an offender who is sentenced on or after January 1, 2008 for any offense, and if division (A)(1) [offenders already under confinement] of this section does not apply, *the judge shall provide the notice to the offender at the time of sentencing*.

(Emphasis added.)

{¶ 17} Notably, however, R.C. 2950.01(B)(2) states that a person who commits a sexually oriented offense is not a sex offender

if the offense involves consensual sexual conduct or consensual sexual contact and either of the following applies:

(a) The victim of the sexually oriented offense was eighteen years of age or older and at the time of the sexually oriented offense was not under the custodial authority of the person who is convicted of, pleads guilty to, has been convicted of, has pleaded guilty to, is adjudicated a delinquent child for committing, or has been adjudicated a delinquent child for committing the sexually oriented offense.

(b) The victim of the offense was thirteen years of age or older, and the person who is convicted of, pleads guilty to, has been convicted of, has pleaded guilty to, is adjudicated a delinquent child for committing, or has been adjudicated a delinquent child for committing the sexually oriented offense is not more than four years older than the victim.

If the offender is not a sex offender pursuant to R.C. 2950.01(B), there is no duty to register.

{¶ 18} In this case, at the November 26, 2008 sentencing hearing, the state failed to prove the lack of consent to the sexual activity, nor did it file a supplemental brief pointing to evidence in the record demonstrating a lack of consent. The court thereafter entered a judgment of conviction without finding Raber to be a sex offender subject to Tier I registration and without notifying him of a duty to register, presumably on its determination that no duty existed based on the sexual activity's being consensual.

{¶ 19} A presumption of regularity attaches to all judicial proceedings. *See, e.g., State v. Edwards*, 157 Ohio St. 175, 183, 105 N.E.2d 259 (1952); *State v. Sweet*, 72 Ohio St.3d 375, 376, 650 N.E.2d 450 (1995); *State v. Robb*, 88 Ohio St.3d 59, 87, 723 N.E.2d 1019 (2000). Here, the record is silent regarding the trial court's reasoning for not classifying Raber as a sex offender subject to registration in its judgment of conviction, and therefore "[t]here is no showing of irregularity to contradict the presumption of regularity accorded all judicial proceedings." *Sweet* at 376.

*Reconsideration of Final Judgments*

{¶ 20} We have previously recognized that "trial courts lack authority to reconsider their own valid final judgments in criminal cases." *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997), citing *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992). And although trial courts retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment, *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, neither of those exceptions to the general rule applies here.

{¶ 21} The trial court had no mandatory duty to impose sex-offender registration after determining the sexual activity to be consensual and considering

the ages of those involved. The state fails to demonstrate a clerical mistake, which, as we explained in *Cruzado*, " 'refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.' " *Id.* at ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819–820, 737 N.E.2d 1057 (3d Dist.2000). Nothing in the record demonstrates error by the trial court in failing to classify Raber as a sex offender in its original judgment of conviction.

*Double Jeopardy*

**{¶ 22}** This court previously upheld the prior sex-offender registration statutes enacted by the General Assembly against constitutional challenge. In *State v. Williams*, 88 Ohio St.3d 513, 528, 728 N.E.2d 342 (2000), we held that because Megan's Law did not impose punishment, it necessarily did not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. And in *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, we concluded that sex-offender registration remained a civil, remedial regulatory scheme notwithstanding amendments to Megan's Law enacted by Am.Sub.S.B. No. 5, effective July 31, 2003, that increased burdens on sex offenders, because the amended statute did not impose criminal punishment. *Id.* at ¶ 39, 43.

**{¶ 23}** However, in *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, we determined that the registration duties imposed by S.B. 10 could no longer be considered civil in nature, holding that "R.C. Chapter 2950 is punitive." *Id.* at ¶ 16. And *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, stands for the proposition that S.B. 10 violates Ohio's constitutional prohibition against cruel and unusual punishment by imposing an automatic, lifetime requirement of sex-offender registration and notification on certain juvenile offenders. *Id.* at ¶ 86. Thus, our cases hold that S.B. 10 imposes additional criminal punishment on those convicted of sexually oriented offenses.

**{¶ 24}** The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against the imposition of multiple criminal punishments for the same offense in successive proceedings. *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *United States v. Husein*, 478 F.3d 318, 338 (6th Cir.2007). As the United States Court of Appeals for the D.C. Circuit has explained, "If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause." *United States v. Fogel*, 829 F.2d 77, 87 (D.C.Cir.1987).

**{¶ 25}** Although we have recognized that "[w]here * * * the sentence imposed was unlawful and thus void, there can be no reasonable, legitimate expectation of finality in it," *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 36, the judgment of conviction entered in this case is neither unlawful nor void. And although trial courts "possess inherent authority to correct errors in judgment entries so that the record speaks the truth," *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288 (1995), the decision not to classify Raber as a Tier I sex offender was not a clerical error.

**{¶ 26}** Accordingly, Raber had a legitimate expectation of finality in his sentence when the trial court entered its judgment of conviction on December 1, 2008, and the protections of the Double Jeopardy Clause prohibited the trial court from reopening this case, conducting a separate trial to determine whether the sexual activity at issue here was consensual, and classifying Raber as a sex offender subject to Tier I registration.

### Conclusion

**{¶ 27}** The trial court lacked authority to reopen this case to reconsider the final judgment it had entered, and the protections against double jeopardy barred it from classifying Raber as a Tier I sex offender more than a year after it imposed sentence. Accordingly, the judgment of the court of appeals is reversed.

Judgment reversed.

PFEIFER, LUNDBERG STRATTON, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

O'CONNOR, C.J., dissents.

_____

**O'CONNOR, C.J., dissenting.**

{¶ 28} As a matter of law, the sexually oriented offense for which Kyle Raber was convicted was nonconsensual. For that reason, the trial court had no business engaging in an evidentiary hearing on the issue of consent.

{¶ 29} Raber was convicted of sexual imposition in violation of R.C. 2907.06(A)(1), which prohibits sexual contact if "[t]he offender knows that the sexual contact is offensive to the other person * * * or is reckless in that regard." There is no factual scenario that is consistent with both a conviction under that subsection and an exception to the definition of sex offender, contained in R.C. 2950.01(B)(2), for cases of consensual sexual contact. Accordingly, the imposition of sex-offender registration duties was a statutorily mandated requirement in this case. But the trial court failed to do what the law required it to do.

{¶ 30} Instead, the trial court and the prosecutor got distracted by defense counsel's argument that because the victim had consented to some sexual contact with Raber, the consent-exception to the registration requirement was triggered. Both accepted the defense's erroneous proposition that the state had the burden to prove not only that the contact was offensive (in order to secure the conviction) but that it was also nonconsensual (in order to secure the registration). Offensive contact is, by its nature, nonconsensual. The exception was wholly inapplicable.

{¶ 31} Even if the exception had been applicable, the trial court acted unreasonably by continuing the case for consideration of the consent issue. The evidence in the record at the time of sentencing demonstrated that Raber anally raped the victim. At sentencing, Raber admitted that he committed the sexually

oriented offense because he had gotten "mad." There was no need for an evidentiary hearing because the factual issue of consent, or lack thereof, was clear.

**{¶ 32}** The trial court ultimately did what was required by law: impose registration. We should affirm.

**{¶ 33}** I dissent.

_____

Jason B. Desiderio, for appellee.

David T. Eager and David M. Todaro, for appellant.

_____