[Cite as *State v. Raber*, 2014-Ohio-249.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 13CA0020 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KYLE D. RABER | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 08-CR-0117 |

DECISION AND JOURNAL ENTRY

Dated: January 27, 2014

WHITMORE, Judge.

{¶1} Defendant-Appellant, Kyle Raber, appeals from the judgment of the Wayne County Court of Common Pleas, denying his motion to expunge and/or seal his record of conviction. This Court affirms.

I

{¶2} After he was indicted on one count of sexual battery, Raber pleaded guilty to sexual imposition, a third-degree misdemeanor. At the sentencing hearing, the State asked the court to classify Raber as a Tier I sexual offender, but the defense argued that classification was inappropriate.[1] Because the court was unclear as to what the State's burden of proof was under the Adam Walsh Act, the court took the classification issue under advisement so that the parties could brief the issue. No additional briefing occurred, however, and the court later issued a

---

[1] Under R.C. 2950.01(B)(2), certain sexually oriented offenses are exempt from registration if determined to be the result of consensual sexual conduct or contact.

judgment entry sentencing Raber to jail and community control. The sentencing entry made no mention of a sexual offender classification.

{¶3} More than a year later, the court sua sponte ordered a hearing on the issue of whether Raber should be classified as a Tier I sexual offender. Both sides presented evidence at the hearing, and the court determined that a Tier I classification was appropriate. The court then issued a judgment entry classifying Raber as a Tier I sexual offender, and Raber appealed from the judgment entry.

{¶4} On appeal, Raber argued that his classification was void because the trial court lacked jurisdiction to classify him. Specifically, he argued that, once the court had issued his sentencing entry, it was divested of jurisdiction to classify him. *State v. Raber*, 9th Dist. Wayne No. 10CA0020, 2011-Ohio-3888, ¶ 5-8. This Court rejected Raber's argument, but the Supreme Court reversed this Court's decision on appeal. *See State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636. The Supreme Court held that Raber's sentencing entry was a final judgment and that the Double Jeopardy Clause "prohibited the trial court from reopening [the] case, conducting a separate trial to determine whether the sexual activity at issue [] was consensual, and classifying Raber as a sex offender subject to Tier I registration." *Id.* at ¶ 26.

{¶5} On February 21, 2013, Raber filed a motion to expunge and/or seal his record pursuant to R.C. 2953.32. The court set the matter for a hearing on March 27, 2013. On April 22, 2013, the trial court denied Raber's motion "[b]ased upon Ohio Revised Code Section 2953.36 and the facts of this case."

{¶6} Raber now appeals from the trial court's judgment and raises two assignments of error for our review.

II

<u>Assignment of Error Number One</u>

THE DOCTRINE OF STATUTORY CONSTRUCTION DICTATES THAT O.R.C. 2950.01(B)(2) HAS PRECEDENCE OVER O.R.C. 2953.36 AND, THUS, KYLE RABER SHOULD BE ABLE TO HAVE HIS RECORD EXPUNGED.

**{¶7}** In his first assignment of error, Raber argues that the trial court erred by denying his motion to expunge and/or seal his record on the basis that his conviction is one that is statutorily ineligible for sealing. We disagree.

**{¶8}** This Court applies a de novo standard of review to a trial court's interpretation of a statute. *See State v. Calderon*, 9th Dist. Medina No. 09CA0088-M, 2010-Ohio-2807, ¶ 6. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

**{¶9}** "R.C. 2953.32 et seq. set out the limits of the trial court's jurisdiction to grant a request to seal [a defendant's] record of conviction[] * * *." *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 12. "R.C. 2953.36 expressly exempts certain convictions * * * from the scheme of the sealing statute." *State v. Campbell*, 9th Dist. Summit No. 24919, 2010-Ohio-128, ¶ 7. It provides, in relevant part, that "Sections 2953.31 to 2953.35 of the Revised Code do not apply to * * * [c]onvictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, * * * or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters." R.C. 2953.36(B). "It is axiomatic that, if R.C. 2953.32 does not apply to [a defendant's] conviction of record, then the requirements that the trial court set a hearing and make certain determinations pursuant to R.C. 2953.32[] * * * are not implicated." *Campbell* at ¶ 8.

{¶10} Raber was convicted of one count of sexual imposition, a violation of R.C. 2907.06. Because a conviction under R.C. 2907.06 is exempt from sealing, the trial court denied Raber's motion for expungement. *See* R.C. 2953.36(B). Raber argues that the court erred by relying upon R.C. 2953.36 instead of R.C. 2950.01(B)(2) because "[R.C.] 2950.01(B)(2) controls and takes precedence over [R.C.] 2953.36." According to Raber, his record was expungement eligible because, under R.C. 2950.01(B)(2), he is not a sex offender.

{¶11} R.C. 2950.01(B)(2) provides that the phrase "sex offender" does not include

a person who is convicted of * * * a sexually oriented offense if the offense involves consensual sexual conduct or consensual sexual contact and either of the following applies:

(a) The victim of the sexually oriented offense was eighteen years of age or older and at the time of the sexually oriented offense was not under the custodial authority of the person who is convicted of * * * the sexually oriented offense.

(b) The victim of the offense was thirteen years of age or older, and the person who is convicted of * * * the sexually oriented offense is not more than four years older than the victim.

"If [an] offender is not a sex offender pursuant to R.C. 2950.01(B), there is no duty to register" under the Adam Walsh Act. *Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, at ¶ 17.

{¶12} Initially, we note that the crime of which Raber was convicted eliminates any suggestion that the victim here consented. *See id.* at ¶ 28-33 (O'Connor, C.J., dissenting). Raber's indictment charged him with knowingly coercing the victim and he pleaded to "Sexual Imposition, as amended." The transcript from the plea hearing evidences that Raber's original sexual battery charge was amended to a violation of R.C. 2907.06(A)(1). That subsection prohibits an offender from having sexual contact with a person when he "knows that the sexual contact is offensive to the other person." R.C. 2907.06(A)(1). Offensive sexual contact is, by definition, not consensual. *Raber* at ¶ 28-33 (O'Connor, C.J., dissenting). Nevertheless, we

recognize that Raber was never classified as a sexual offender and cannot be required to register under the Adam Walsh Act. *See id.* at ¶ 15-27.

{¶13} Although the General Assembly has amended R.C. 2953.36 since the Adam Walsh Act's effective date, its amendments have not included any changes to subsection (B). R.C. 2953.36(B) continues to provide that a conviction under R.C. 2907.06 is not subject to sealing. Moreover, subsection (B) does not draw any distinction between the various types of sexual imposition that an offender might commit. For example, while an offender may be convicted under R.C. 2907.06(A)(4) absent any showing of force or coercion, the General Assembly has not seen fit to exclude a conviction under that subsection from R.C. 2953.36(B)'s ban on sealing. R.C. 2953.36(B) simply contains a blanket statement that a conviction under R.C. 2907.06 is not subject to sealing.

{¶14} A court must enforce an unambiguous statute as written, "making neither additions to the statute nor subtractions therefrom." *State v. Knoble*, 9th Dist. Lorain No. 08CA009359, 2008-Ohio-5004, ¶ 12, quoting *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, ¶ 14. "Under the plain language of R.C. 2953.36, a defendant who is [convicted under R.C. 2907.06] is ineligible to have his or her record sealed." *State v. Simon*, 87 Ohio St.3d 531 (2000), paragraph one of the syllabus. Raber essentially asks this Court to equate a classification, and the registration duties that arise from it, with a conviction for purposes of expungement. He avers that, because he was not classified as a sexual offender, that fact somehow removes his sexual imposition conviction from R.C. 2953.36(B)'s ban on sealing. The plain language of R.C. 2953.36(B), however, contravenes Raber's argument.

{¶15} A "conviction" is distinct from a "classification." *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 26 (O'Donnell, J., concurring in part and dissenting in part.) ("[A]

judgment of conviction is composed of two essential elements: the adjudication of guilt and the sentence."); *Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 23 ("[O]ur cases hold that [the Adam Walsh Act] imposes additional criminal punishment *on those convicted of* sexually oriented offenses.") (Emphasis added.)  This case clearly illustrates the difference, as Raber was convicted, but never classified.  Had the General Assembly intended to allow for the sealing of records in cases where offenders are convicted, but not classified, it certainly could have done so.  Thus far, it has not.  By virtue of R.C. 2953.36(B)'s plain language, Raber's conviction was statutorily ineligible for sealing.  Accordingly, the trial court did not err when it denied Raber's motion on the basis of R.C. 2953.36(B).  *See Campbell*, 2010-Ohio-128, at ¶ 8.  Raber's first assignment of error is overruled.

Assignment of Error Number Two

> THE TRIAL COURT CAN EXERCISE ITS INHERENT JUDICIAL POWER AND EXPUNGE KYLE RABER'S RECORD ON THE BASIS THAT THE OHIO SUPREME COURT EXONERATED HIM AND, THUS, THE PROTECTION OF HIS PRIVACY INTEREST IS PARAMOUNT TO PREVENT AN INJUSTICE.

{¶16}  In his second assignment of error, Raber argues that the trial court erred by not employing its inherent judicial authority to grant his motion to expunge and/or seal his record. We disagree.

{¶17}  "[T]rial courts have the inherent authority to expunge records apart from the statutes when justified by 'unusual and exceptional circumstances' founded on constitutional guarantees of the right to privacy."  *State v. Boykin*, 9th Dist. Summit Nos. 25752 & 25845, 2012-Ohio-1381, ¶ 5, quoting *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 377 (1981).  "When exercising these powers, the trial court should use a balancing test, which weighs the interest of

the accused in his good name and right to be free from unwarranted punishment against the legitimate need of government to maintain records." *Pepper Pike* at 377.

{¶18} The record reflects that Raber never asked the court to expunge his record based on the court's inherent authority. In his motion to expunge and/or seal his record, Raber only asked the court to grant his motion "pursuant to Ohio Rev. Code § 2953.32." The court's judgment entry indicates that the court denied Raber's motion "[b]ased upon Ohio Revised Code Section 2953.36 and the facts of this case." There is no indication that the court applied the balancing test set forth in *Pepper Pike* or understood Raber to be requesting relief pursuant to the court's inherent judicial authority.

{¶19} "When reviewing arguments on appeal, this Court cannot consider issues that are raised for the first time on appeal." *Carnegie Cos., Inc. v. Summit Properties, Inc.*, 9th Dist. Summit No. 25622, 2012-Ohio-1324, ¶ 8, quoting *Harris v. Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 9. Raber never asked the trial court to grant his motion pursuant to the court's inherent judicial authority. Because Raber failed to raise this issue in the court below, we cannot consider it on appeal. Accordingly, his second assignment of error is overruled.

III

{¶20} Raber's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DAVID T. EAGER, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.