[Cite as *State v. Jordan*, 2014-Ohio-1661.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

AUSTIN JORDAN

       Defendant-Appellant


Appellate Case No.   25919

Trial Court Case No. 13-TRD-2244-A

(Criminal Appeal from
 Miamisburg Municipal Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of April, 2014.

. . . . . . . . . . .

LORI KIRKWOOD, Atty. Reg. #0053384, 10 North First Street, Miamisburg, Ohio 45342
     Attorney for Plaintiff-Appellee

AUSTIN JORDAN, 3128 Pinnacle Park Drive, Moraine, Ohio 45439
     Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Austin Jordan appeals from his conviction and fine for Speeding.   Jordan contends that the evidence in the record does not support his conviction, and that the trial court applied an incorrect burden of proof.

{¶ 2}    We conclude that the testimony of the police officer issuing the citation supports the trial court's finding of guilt.   We further conclude that the presumption of regularity – specifically, that the trial court applied the correct burden of proof beyond   reasonable doubt – has not been overcome by the record in this appeal.   Accordingly, the judgment of the trial court is Affirmed.

## I.    The Course of Proceedings

{¶ 3}    Jordan was issued a citation for Speeding, in violation of City of West Carrollton Ordinance 72.47(D), a traffic offense.   The citation states that Jordan was traveling 64 miles per hour in a 35-mph zone, that the speed was unsafe for conditions, and that stationary radar was used.

{¶ 4}    Jordan appeared in open court, pro se, to defend the citation.   Police Officer Maureen Flaute testified for the State.   Jordan testified in his own defense.   Following the testimony, the trial court found Jordan guilty, fined him $30, and ordered him to pay court costs. From his conviction and fine, Jordan appeals.

## II.    Officer Flaute's Testimony Supports the Finding of Guilty

{¶ 5}    Jordan, who is appealing pro se, has not set forth assignments of error as required

by App.R. 16(A)(3), but we infer two assignments of error, the first of which is that the evidence in the record does not support his conviction.

{¶ 6} Officer Flaute testified that she was running stationary radar in the 1100 block of East Dixie Drive in the early morning hours of March 23, 2013, when she saw Jordan's vehicle approaching her from behind, at a speed above the posted 35-mph speed limit. Her visual estimate was between 60 to 62 miles per hour. She activated the radar and obtained a reading of 64 miles per hour. Flaute stopped Jordan and issued him a citation for speeding.

{¶ 7} Flaute testified that the speed Jordan was traveling was unsafe for conditions (which were unremarkable), because "it was well above the posted speed limit." Flaute testified that she checked the calibration of the radar unit, using tuning forks prescribed for that purpose, both before and after she stopped Jordan.

{¶ 8} We conclude that Officer Flaute's testimony supports Jordan's speeding conviction. Jordan's first assignment of error is overruled.

### III. The Presumption that the Trial Court Used the Correct Burden of Proof Has Not Been Overcome on this Record

{¶ 9} We infer Jordan's other assignment of error to be that the trial court used an incorrect burden of proof, rather than the burden of proving the defendant guilty beyond reasonable doubt, as prescribed in R.C. 2901.05. He bases this contention upon the trial court's announcement of its verdict at the conclusion of the trial, which, in its entirety, is as follows:

Mr. Jordan I am going to find you guilty. Maybe some of what you say may well be true, but I just think you are guilty. Perhaps there was another car involved in this, but perhaps not.

But the speed limit is 35, it's extremely easy to exceed the speed limit of 35. Now this was originally an M-4 because you have such a horrible traffic record. I am just going to make this $30.00 plus court costs. I don't know what was going on here Mr. Jordan but would you slow down for me. That's all I ask. Thank you.

**{¶ 10}** Jordan testified in his own defense. His testimony, in its entirety, is as follows:

On that date, on that night, I replaced the fuel pump in my car. I had hardly any gas in my fuel tank because I had to run it empty to be able to put, to be able to take the fuel pump out. So I put the new fuel pump in, put it back in my car and when my wife came home, I put what gas I put in a bucket back in my tank to go get some gas. So when I went to go get gas, I went up the hill off of the 100 block, or I don't remember what road that is and my car started stuttering so I turned left and my car ran out of gas and I was coasting down the hill. And then there was another car that was approaching me that went around me it was a white, I am guessing it was a white truck, I can't remember it if [sic] was a truck or a car and that's why there was two cars approaching the officers car.[1]

**{¶ 11}** We find it unremarkable that the trial court acknowledged that some of Jordan's testimony might be true. Jordan never actually denied that he was speeding. Even if he was coasting down a hill, that would not necessarily preclude his having attained a coasting speed of 64 miles per hour, which Officer Flaute testified the radar unit showed.

**{¶ 12}** "A presumption of regularity attaches to all judicial proceedings." *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19. Under that principle, it is

---

[1] Jordan had asked Officer Flaute, on cross-examination, about a second car. She responded: "I don't recall if there was a second car there or not. The car that I was paying attention to was yours."

presumed that a trial court, as the finder of fact, has applied the correct burden of proof, and it is the appellant's burden to demonstrate, by reference to the record of the proceedings, that the presumption is overcome.

{¶ 13}  In the case before us, the trial court's statement that although some of Jordan's testimony may be true, "I just think you are guilty," while perhaps inartful, falls short of overcoming the presumption that the trial court applied the beyond-reasonable-doubt burden of proof.  We presume that the trial court applied the beyond-reasonable-doubt burden in coming to the conclusion that Jordan was guilty of Speeding, especially since the reasonable-doubt standard of proof in a criminal case is so well established and so well recognized.

{¶ 14}  Jordan's second assignment of error is overruled.

### IV.  Conclusion

{¶ 15}  Both of Jordan's inferred assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Lori Kirkwood
Austin Jordan
Hon. Robert W. Rettich, III