[Cite as *State v. Rork*, 2020-Ohio-2927.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190236 |
| | | C-190237 |
| Plaintiff-Appellee, | : | TRIAL NOS. 17CRB-31621 |
| | | 18TRC-21405B |
| vs. | : | |
| CLAYTON RORK, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed

Date of Judgment Entry on Appeal: May 13, 2020

*Paula Boggs Muething*, City Solicitor, *William T. Horsley*, Interim City Prosecutor, and *Jon Vogt*, Assistant Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters,* Assistant Public Defender*,* for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1}   After a trial court imposes a valid criminal sentence, it cannot modify that sentence absent some statutory authority.  The trial court here encountered the defendant on an alleged community control violation, but properly recognized that he had not committed a violation.  Nevertheless, the trial court proceeded to resentence him anyway, trespassing the limits of its jurisdiction.  The state here concedes the error, and we agree and accordingly reverse.

{¶2}   In early February 2019, defendant-appellant Clayton Rork pleaded guilty in Hamilton County Municipal Court to receiving stolen property pursuant to R.C. 2913.51 and operating a vehicle while intoxicated in violation of R.C. 4511.19 ("OVI").  In exchange for his pleas, other pending charges were dismissed.   After accepting his guilty pleas, the trial court sentenced Mr. Rork to (among other things) 180 days' confinement on each conviction, but suspended the sentences and credited him 15 days on each.  Rather than go to jail for the remaining 165 days on each sentence, the court mandated that he participate in 11 months of community control.  After receiving his sentences, the court informed Mr. Rork to report to the probation department the next morning.

{¶3}   Duly reporting as instructed, Mr. Rork arrived, but an odor of alcohol surrounding him sparked an inquiry by the probation officer, which resulted in Mr. Rork's admission to imbibing a couple of beers the night before.  Convinced that this violated his community control, the officer cited Mr. Rork, which ultimately landed him back in municipal court.

{¶4}   Mr. Rork appeared to address the violation in March 2019, but the trial court quickly withdrew the alleged violation as "it appear[ed] defendant showed up with alcohol on his breath, allegedly * * * but there was no probation condition

2

ordering no alcohol, and defendant had not yet signed [the] rules anyway." Despite that withdrawal, the matter did not end there, as the court queried Mr. Rork: "[W]hat would show in your breath, blood or urine today if you had to produce?" Mr. Rork conceded that he would test positive for alcohol and admitted, "I think I need detox[.]" Growing increasingly concerned about Mr. Rork's ability to "detox" while on community control, the court explained, "I am not at all comfortable in putting him back on probation * * * when we find ourselves in the exact situation we found ourselves with Mr. Rork [a month ago], which is, reporting to probation having consumed alcohol the night before." The court then announced it would "resentence" Mr. Rork, finding him to be a risk to himself and others. Over objection, the court ordered Mr. Rork to serve 165 days in jail on each of his sentences and denied defense counsel's request for a stay.

{¶5} Mr. Rork now appeals, raising a single assignment of error challenging the trial court's jurisdiction to "resentence" him after a valid judgment of conviction and absent any appropriate statutory authority. The state concedes the error.

{¶6} This case implicates a trial court's ability to revisit its own valid judgment of conviction. While we understand the trial court's concern here about Mr. Rork, trial courts generally may not reconsider a valid final judgment in a criminal case. *See State v. Johnson*, 1st Dist. Hamilton No. C-130435, 2014-Ohio-1751, ¶ 3; *State v. Raber,* 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, paragraph one of the syllabus ("A trial court lacks authority to reconsider a final judgment in a criminal case."). Moreover, a criminal sentence attains finality when a court enters a judgment of conviction satisfying Crim.R. 32, setting forth (1) the fact of conviction, (2) the sentence, (3) the signature of the judge and (4) entry on the journal by the clerk of court. *See State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-

6553, 961 N.E.2d 671, ¶ 11.  Surveying the record at hand, the trial court's February 12 entries on the OVI and receiving stolen property charges satisfy these requirements. *See Cincinnati v. Walker*, 1st Dist. Hamilton No. C-070770, 2008-Ohio-4473, ¶ 5 (explaining use of "judge's sheet" in Hamilton County Municipal Court).

{¶7}  Therefore, after that entry, the trial court lacked authority to reconsider these sentences.  *See Carlisle* at ¶ 1 ("Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment."); *see* R.C. 2929.25.  Moreover, absent a finding that Mr. Rork violated his community control, the court was not authorized to revoke it.  *See State v. Oglesby*, 1st Dist. Hamilton Nos. C-180177 and C-180178, 2019-Ohio-1456, ¶ 13 (upholding revocation of community control and imposition of suspended sentences in misdemeanor cases where defendant violated terms of community control); *Bay Village v. Barringer,* 8th Dist. Cuyahoga No. 102432, 2015-Ohio-4079, ¶ 8 (noting that a court may modify community control sanctions imposed on a suspended jail sentence only if the offender violates the terms of community control); *State v. Jones*, 8th Dist. Cuyahoga No. 108438, 2020-Ohio-1273, ¶ 17 (after defendant violated the terms of his community control sanctions, the trial court terminated his community control sanctions and reimposed the defendant's jail sentence).  If the trial court here had found that Mr. Rork violated community control, that, of course, would change the calculus.  Instead, however, the trial court found to the contrary.

{¶8}  Based on the foregoing, Mr. Rork's sole assignment of error is sustained.  We accordingly reverse the trial court's March 12, 2019 entries purporting to resentence Mr. Rork.

Judgments reversed.

**CROUSE,** and **WINKLER, J.J.,** concur.