[Cite as *State v. Garland*, 2020-Ohio-6712.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190712 |
| | | TRIAL NO.   C-17TRC-23371 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| KURTIS TYLER GARLAND, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
Remanded

Date of Judgment Entry on Appeal:  December 16, 2020

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Engel & Martin L.L.C* and *Mary K. Martin*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} After an "ignition interlock device violation" under R.C. 4510.46(A)(2), the trial court revoked defendant-appellant Kurtis Garland's driving privileges for seven years from the date of his offense of operating a vehicle while under the influence of alcohol ("OVI"). Garland has appealed, arguing in one assignment of error that the trial court erred in imposing a seven-year license suspension. For the reasons discussed below, the sole assignment of error is sustained in part and overruled in part, and the cause is remanded to the trial court to impose a license suspension not greater than six years. All other aspects of the trial court's judgment are affirmed.

### Factual Background

{¶2} Garland was arrested on June 10, 2017. He pled guilty to OVI in violation of R.C. 4511.19(A)(1)(a) in November 2017. At the time of his offense, because it was his second OVI in ten years, R.C. 4511.19(G)(1)(b)(iv) permitted a license suspension between one and seven years. At his plea hearing, the court notified Garland of the maximum penalties he could face. "For this offense,* * * your right to drive can be suspended up to five years * * *." In December 2017, the court suspended Garland's license for three years from the date of his offense, June 10, 2017.

{¶3} In June 2018, the court modified Garland's license suspension by allowing him to drive provided he had OVI plates on his vehicle and an ignition interlock device installed. In October 2019, Garland registered a positive reading of .063 on the interlock device, which constituted an "ignition interlock device

violation" under R.C. 4510.46. The state filed notice pursuant to R.C. 4510.46(B) and 4510.13(A)(8) to revoke Garland's driving privileges, and a hearing was held. The trial court revoked Garland's driving privileges for seven years from the date of his offense.

## *Sole Assignment of Error*

{¶4} We review misdemeanor sentences for an abuse of discretion. *State v. Griffin*, 2020-Ohio-3707, ___N.E.3d___, ¶ 38 (1st Dist.).

{¶5} First, Garland contends that because the trial court advised him at the plea hearing that the maximum possible license suspension was five years, the court could not suspend his license for more than five years for the ignition-interlock-device violation.

{¶6} Garland is not contending that his guilty plea was not knowing and voluntary due to the fact that the court misinformed him of the maximum license suspension. Rather, he contends that the court's mistake at the plea hearing limited its ability to increase the license suspension for the ignition-interlock-device violation to only five years. But that is not the law.

{¶7} R.C. 4510.46(C)(3) states that after an ignition-interlock-device violation, the trial court may increase the original license suspension "by a factor of two." Because Garland's original suspension was three years, the court could not have imposed a suspension greater than six years for the interlock-device violation. The state concedes that the court abused its discretion in suspending Garland's license for seven years, and agrees that six years is the maximum suspension allowed by statute.

{¶8} Next, Garland contends that the trial court violated his right to due process and against double jeopardy by imposing multiple punishments for the same crime.

{¶9} "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against the imposition of multiple criminal punishments for the same offense in successive proceedings." *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 24. "If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause." *Id.*

{¶10} Garland argues that he had a legitimate expectation of finality in his sentence and thus the increased license suspension was prohibited by the Double Jeopardy Clause. We find that Garland did not have a legitimate expectation of finality because his license suspension had not concluded at the time of the ignition-interlock-device violation. R.C. 4510.46 specifically permits a trial court to extend a license suspension upon a finding of an ignition-interlock-device violation. There is no double-jeopardy issue here.

{¶11} Lastly, Garland argues that on the "notice pursuant to R.C. 4510.46(B) and 4510.13(A)(8)," the court did not check the box indicating that his license suspension was being increased, and so he was not given proper notice. We find his argument to be meritless. The unchecked box would have increased his suspension without a hearing. The box that was checked indicated that the court was holding a hearing regarding Garland's ignition-interlock-device violation. Rather than increase his license suspension without a hearing, the court gave Garland the benefit of a hearing.

### *Conclusion*

{¶12}   The sole assignment of error is sustained in part and overruled in part. The cause is remanded to the trial court to impose a license suspension not greater than six years.  All other aspects of the trial court's judgment are affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.