[Cite as *In re T.U.*, 2016-Ohio-7104.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| IN RE:  T.U. | : | |
| | : | |
| | : | C.A. CASE NO. 26942 |
| | : | |
| | : | T.C. NO. JC-2013-0615 |
| | : | |
| | : | (Civil appeal from Common Pleas |
| | : |  Court, Juvenile Division) |
| | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___30th___ day of _____September_____, 2016.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

CHARLYN BOHLAND, Atty. Reg. No. 0088080, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} This matter is before the Court on the Notice of Appeal of T.U., filed December 7, 2015.  T.U. appeals from the November 10, 2015 "**AMENDED** JUDGE'S FINAL APPEALABLE ORDER," which provides in part that it "**is being amended to reflect juvenile offender classification**."   In the order, the juvenile court ordered T.U. "**to register as a TIER III JUVENILE SEX OFFENDER/CHILD VICTIM OFFENDER**

**REGISTRANT."**[1]   We hereby affirm the judgment of the trial court.

{¶ 2} The record reflects that on March 14, 2012, T.U., whose date of birth is December 8, 1994, was adjudicated delinquent in the Shelby County Court of Common Pleas, Juvenile Division, on three counts of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(3).   On June 7, 2012, the matter came before the Magistrate in the Montgomery County Court of Common Pleas, Juvenile Division, upon an Order of Transfer from Shelby County Juvenile Court, for disposition; T.U. was committed to the Department of Youth Services ("DYS") for a minimum period of six months and a maximum period not to exceed his 21st birthday, which was suspended, conditioned upon his compliance with "all rules and regulations of probation and with all local, state, and federal laws.".

{¶ 3}  On January 9, 2013, T.U. was again adjudicated delinquent by the Shelby County Court of Common Pleas, Juvenile Division, on one count of attempted kidnapping for a sexual purpose, in violation of R.C. 2905.01(A)(4).   The matter was again transferred to the Juvenile Court of Montgomery County on January 26, 2013, for disposition.   On February 14, 2013, a "Magistrate's Decision and Judge's Order of Disposition and Notice of Duties to Register as a Tier III Juvenile Sex Offender/Child Victim Offender" was issued which provides in part as follows:

This case came before Magistrate Todd Calaway on February 12, 2013, regarding determination of disposition; and the Court, being fully advised in the premises, finds that [T.U.] is properly before the court; and

---

[1]A Tier III sex offender/child-victim offender means in part a sex offender who is convicted of a violation of R.C. 2905.01(A)(4) or any attempt to commit such a violation. R.C. 2905.01(G)(1)(e),(i).

that an order was entered herein on or about January 9, 2013 in Shelby County Juvenile Court, whereby the child was adjudged delinquent for an act of Kidnapping, contrary to Section 2905.01(A)(4) of the Ohio Revised Code, a felony of the first degree,[2] and said matter was continued for determination of disposition.

\* \* \*

The court finding further that the child is a delinquent by reason of having committed an act which if committed by an adult would constitute a felony of the first degree; and further that the child could benefit from being committed to the legal custody of the Department of Youth Services ["DYS"] for care and rehabilitation and that said commitment is the least restrictive form of treatment which is appropriate.

\* \* \*

It appearing to be in the child's best interests, and it appearing further that the child is a suitable person to be so committed, it is therefore ordered that the child be and hereby is committed to the legal custody of [DYS] for Institutionalization (in a secure facility) for a minimum period of twelve (12) months and a maximum period not to exceed the child's attainment of the age of twenty-one (21) years.   \* \* \*

\* \* \*

It is further ordered that the child is to register as a **TIER III JUVENILE SEX OFFENDER/CHILD VICTIM OFFENDER REGISTRANT,**

---

[2] The record reflects that T.U. admitted to an amended charge of attempted kidnapping.

(not a Public Registry Qualified Offender Registrant, but is subject to community notification provisions).

The Court finds that the following relevant factors were contributing to the delinquent child's conduct: 1) Juvenile's age; 2) prior sex related offenses; 3) age of victim; 4) multiple victims; and 5) mental illness or disability of the juvenile.

Further, the Court finds that pursuant to Chapters 2152 and 2950 of the Ohio Revised Code, the delinquent child committed a sexually oriented offense as defined by the Ohio Revised Code Chapter 2950, has been classified pursuant to the Ohio Revised Code Section 2152.83(A)(1)(a)(b), and has committed the delinquent child to a term in a [DYS] facility or another secure facility, * * *

* * *

**{¶ 4}** Also on February 14, 2013, a "Magistrate's Decision and Judge's Order of Disposition" was issued that provides in part as follows:

This case came before Magistrate Todd Calaway on February 12, 2013, upon the Order of transfer from Darke County Juvenile Court regarding determination of disposition; and the Court, being fully advised in the premises, finds that [T.U.] is properly before the Court; and that an order was entered in Darke County Juvenile Court on January 15, 2013 whereby the child was adjudged delinquent for **COUNTS I, II, AND III**, acts of Gross Sexual Imposition, in that sometime between August 26, 2010 and August 16, 2011, in the State of Ohio, County of Darke, the child age 17 years, for

**COUNT I**, did have sexual contact with John Doe #1, not his spouse, he being less than 13 years of age, to wit: seven (7) years of age, whether or not he knew his age, contrary to Section 2907.05(A)(4) of the Ohio Revised Code, for **COUNT II**, did have sexual contact with John Doe #2, not his spouse, he being less than 13 years of age, to wit: nine (9) years of age, whether or not he knew his age, an act contrary to Section 2907.05(A)(4) of the Ohio Revised Code, a felony of the third degree; and for **COUNT III**, did have sexual contact with Jane Doe # 3, not his spouse, she being less than 13 years of age, to wit: six (6) years of age, whether or not he knew her age, an act contrary to Section 2907.05(A)(4) of the Ohio Revised Code, a felony of the third degree, and said matter was transferred to Montgomery County Juvenile court for disposition.

The court found T.U. "delinquent by reason of having committed acts which if committed by an adult would constitute felonies of the third degree," and it committed T.U. to DYS "for a period of six (6) months and a maximum period not to exceed the child's attainment of the age of twenty-one."

{¶ 5} On February 26, 2013, a "Magistrate's Decision and Judge's Order to Vacate Disposition" was issued, ordering therein "that the former order of sex offender registration and notification incorporated in Entry and Order filed February 12, 2013, is hereby vacated. * * * It is further ordered that the child will have a Classification Hearing upon his release from [DYS]."

{¶ 6} At the November 5, 2015 classification hearing before the juvenile court, the following exchange occurred:

MR. DEFFET: Well, Your honor, it's my understanding that [T.U.] is not classified at this time. Although it appears the Court purported to classify him back in 2013 and did vacate that order. Therefore, since [T.U.] is not classified, I will ask for declassification, because I think the Court can no longer classify him. You don't have any authority to do that at this time. You need to do it - - order him to register at the disposition.

As the Court knows and as we've discussed in chambers, and other cases, this is a punitive act. Therefore, it has to - - it has to occur at disposition. Otherwise, he is facing what is sort of equivalent to double jeopardy, and that is not appropriate.

I would submit, also, that the Court cannot punish [T.U.] after the age of 21, which is what an order to register would result in. He is going to be 21 within a matter of days, and the Court has no authority or no jurisdiction after he turns 21. It doesn't have any authority over any child at any time to affect any kind of disposition after age 21.

And I know the statute appears to give the Court authority to do that, but that is a question that's being looked at by the Supreme - - the Ohio Supreme Court currently. As the Court knows, the Ohio Supreme Court and the United States Supreme Court and other state's courts, * * * there's a very clear trend to treat juveniles as juveniles, treat them differently than adults, and to understand that they develop differently. They behave differently. Because of that, we don't - - and they should not be treated punitively for being developing human beings; they are not the same as

adults.

And along with that, there's also research to show that classifying and ordering kids to register has no effect - - no positive effect for the community and has a negative effect on their treatment. I would ask the court to take all that into account and not register.  Even if the Court thinks it has authority to do that, I would ask the Court to decide that it's not appropriate at this time.  It wouldn't have the desired effect.  For those reasons, Your Honor, I would submit that [T.U.] cannot be classified at this time.

* * *

THE COURT: * * * and response from the State?

MR.SULEK:  * * * We would disagree with the Public Defender's Office, that we believe this Court, the way the statute is written, that this Court does have authority to classify * * *[T.U.] at this time due to the fact that he's being released early only because that he is turning the age of 21.  He has not been able to be rehabilitated.  He has not completed his sex offender treatment.

Due to the severity of the crime, we believe that he is not only a danger to society, itself, but this would help in his rehabilitation by reminding him of the severity of the acts that he committed.  We would ask this Court to classify him as a Tier III classification.

And regarding the after the age of 21, again, the State and the law is very clear that this Court can classify him and that would - - would effect

(sic) him after the age of 21. So for those reasons, the State would ask that this Court classify [T.U.].

THE COURT: * * * [T.U.], I don't know how much you understand, you know, the legal arguments that we're struggling with here today. And the Court would have to acknowledge that there clearly are legal issues which some are subject to cases pending in the Supreme Court of Ohio right now, and they could affect your particular situation depending on what this Court does.

In addition, there are issues with regards to classification and registration, in and of itself, that some believe it's of no benefit to society. Some believe that it is a benefit to society; some believe that there's no benefit to sex offenders, themselves, and no benefit to their treatment. There are some that believe that - - that say that registration is a reminder for those who are - - have been adjudicated as sex offenders and that they are being reminded of that through the registration process, helps them to understand what they've hopefully tried to learn in their sexual offender treatment, to how to avoid further involvement in the criminal justice system by * * * committing other sex offenses.

I don't profess to know all the answers to all the questions. What I do believe is in this case, at the time of your sentencing initially on this case, you were classified by this Court as a * * * Tier III sex offender which requires registration for life every ninety days. And subsequent to that classification, an administrative decision was made, a recommendation

from a Magistrate submitted * * * to me vacating that classification and requirement for registration for the purposes of delaying it until after treatment, so that the Court could look at the evaluation of you at the time you completed treatment in [DYS].

The - - you know, there is an argument as to whether or not the Court has the authority to do that. This Court happens to believe that the legislature, in its wisdom, has given this Court a great deal of discretion. And I think that that is appropriate. And the statute goes so far as to say that the court can do anything it deems to be in the best interest of individuals that come before the Court.

So in this case, I believe that the sexual offender registration and classification requirement has benefit. And as a result of that, I am going to overrule the objections filed by the Public Defender's Office and the arguments that have been made under the theory that the classification was done in accordance with the statute at the time of your sentencing, that it was then vacating (sic) for the purpose of allowing you to get treatment, and then to make a determination as to whether or not you should be classified and required to register at that time.

Now, I have received a lengthy report with regard to your treatment, all of which is not positive. That your treatment has not been successful, and that you have never completed treatment, even though you've been in [DYS] since, what two thousand and - -

[T.U.] Thirteen, sir.

THE COURT: Thirteen. And you were committed to a six-month minimum sentence, and you've been there ever since, mainly because you haven't completed that treatment. Understood?

[T.U.] Yes.

THE COURT: So that's the reason and rationale behind this Court's decision that leads me to believe that I have the authority to classify you today.

So I'm going to make sure that you go through the registration, classification form. The most important thing for you to understand is that failure to comply with that registration is a crime. It's a felony. And it puts you back in the adult criminal justice system if you fail to register.

Now, your lawyers can tell you that, one, you certainly have the right to appeal any decision that comes out of this court. And secondly, that the Supreme Court of Ohio is looking at a decision which may have some bearing on your case. And your attorneys can explain that to you, which may make some difference shortly. The case is pending before the court now. They could decide tomorrow. And that may have some effect on what you do. But, in the meantime, until that's changed, I suggest you make sure you understand what your compliance is.

* * *

MR. DEFFET: I don't think the Court mentioned the tier level. I would ask the Court to consider Tier I. I mean, that would still require him to register for ten years.

THE COURT: Tier III.

MR.DEFFET: And I would ask the Court to consider staying that order until we hear from the court of - - from the Supreme Court.

THE COURT: The Court understands. I don't - - I don't mean to minimize your request on the one hand. On the other hand, you know, pursuant to our discussion, I believe that the tier three classification is - - is appropriate. And I will not stay it pending the Court's decision.

The Court will have to decide the case, and then action will have to be taken before its clear whether or not you have to register. So keep registering until your lawyer at some point in time tells you that you can stop.

{¶ 7} On November 5, 2015, counsel for T.U. filed a "Notice of Limited Appearance and Memorandum in Opposition to Classification." Counsel for T.U. requested that the court "decline to classify him as a juvenile offender registrant because classification was required at disposition pursuant to R.C. 2152.82, classifying [T.U.] at this time violates his right to be free of successive punishments, and imposing a punishment beyond the age of 21 violates [T.U.'s] right to due process of law and constitutes cruel and unusual punishment." Alternatively, counsel for T.U. requested that the "Court not impose community notification and stay the imposition of his registration requirements pending the Ohio Supreme Court's decision in *D.S.,* Case No. 2014-06007, and *M.R.*, Case No. 2014-1315."

{¶ 8} Also on November 5, 2015, the juvenile court issued a "Judge's Final Appealable Order" that provides:

It appearing to be in the child's best interest, the Court orders:

For 2013-000615-01:

• The judicial release is granted. [DYS] shall release the juvenile forthwith to the custody of their parent/legal custodian.

* * *

• [T.U.] is not a Public Registry Qualified Juvenile Offender Registrant, but is subject to community notification provisions.

{¶ 9} On November 10, 2015, the juvenile court issued the "**AMENDED** JUDGE'S FINAL APPEALABLE ORDER." T.U. asserts three assignments of error herein. T.U.'s first assignment of error is as follows:

THE JUVENILE COURT ERRED WHEN IT CLASSIFIED T.U. AS A JUVENILE SEX OFFENDER REGISTRANT BECAUSE IT DID NOT MAKE THE DETERMINATION AT T.U.'S DISPOSITION, IN VIOLATION OF R.C. 2152.82.

{¶ 10} T.U. assets as follows:

When a juvenile court adjudicates a child delinquent for committing a sexually oriented offense that occurred when the child was between the ages of 14 and 17, and the child was previously adjudicated delinquent for committing a sexually oriented offense, the court is required to classify the child as a juvenile offender registrant "at the time the judge makes the order of disposition for the delinquent child." R.C. 2152.82(A)-(B). The disposition hearing is the only time that a court has the authority to classify a repeat offender as a juvenile sex offender registrant. R.C. 2152.82(A)-(B). * * *

* * *

Here, T.U. was previously adjudicated delinquent for committing a sexually oriented offense in March 2012. * * * Therefore, when T.U. was adjudicated delinquent of a second sexually oriented offense, the juvenile court was required to classify him as a juvenile sex offender registrant as part of the dispositional order * * * in accordance with R.C. 2152.82. * * * Although the juvenile court issued a classification order simultaneously with T.U.'s disposition, it vacated the entry and ordered that T.U. should be classified upon release from DYS. * * * And, the juvenile court issued a classification order in November 2015, nearly three years after T.U.'s disposition in the case and when it did not have jurisdiction to do so. R.C. 2152.82. * * *

* * * Here, T.U. turned 21 years old on December 8, 2015. * * * Therefore, because the juvenile court vacated its order, and T.U. was not classified at disposition, the juvenile court lost jurisdiction to classify him as a juvenile offender registrant under R.C. 2152.82. The juvenile court was without jurisdiction to classify T.U. upon his release from DYS under R.C. 2152.83(A)(1), because that section applies only when the juvenile court was not required to classify the child under R.C. 2152.82. *See* R.C. 2152.83(A)(1)(c). Accordingly, this Court must vacate the juvenile court's classification and registration order. * * *

{¶ 11} The State responds that "[b]ecause T.U. was 17 years old at the time he committed attempted kidnapping for a sexual purpose, because he had a prior

adjudication for a sexually-oriented offense, and because the juvenile court was not required to classify him under any other statute, R.C. 2152.82 was the statute applicable to him." Pursuant to R.C. 2152.82(A), according to the State, the juvenile court was required to classify T.U. a juvenile sex offender registrant " 'as part of the dispositional order.' "

{¶ 12} The State asserts that a "juvenile court's jurisdiction generally continues until the child reaches the age of twenty-one," and that "written into the juvenile statutes are provisions that allow (and arguably encourage) the juvenile court to modify, revise or amend prior dispositions as the case proceeds." The State argues that R.C. 2152.84(A)(1) and R.C. 2152.85(A) specifically "provide provisions for the modification or termination of a prior classification up until the completion of the juvenile's disposition." According to the State, "each time a juvenile court modifies, revises or amends a prior dispositional order, it must file another dispositional order to reflect the changes in the terms of the juvenile's disposition."

{¶ 13} The State asserts that the juvenile court's order of February 14, 2013, pursuant to which T.U. was committed to DYS and ordered to register as a Tier III Juvenile Sex Offender/Child Victim Offender Registrant, "qualifies as a 'dispositional order' and, by including as part of that order a juvenile-offender-registrant classification, the juvenile court complied with R.C. 2152.82(A)'s requirement that such a classification be issued 'as part of the dispositional order.' " The State asserts that the juvenile court's order of November 10, 2015 granting judicial release, which included an order that classified T.U. again as a Tier III Juvenile Sex Offender/Child Victim Registrant, "also qualifies as a 'dispositional order,' and because the juvenile court included as part of that order a

juvenile-offender-registrant classification, the juvenile court complied with R.C. 2152.82(A)'s requirement that such classification be issued 'as part of the dispositional order.' "

**{¶ 14}** The State argues that the juvenile court's February 14, 2013 dispositional order remains in effect, and that nevertheless, if this Court concludes that the November 10, 2015 entry "is not a 'dispositional order,' and that the only dispositional order entered in this case was the original February 14, 2013 entry, this Court should still find that T.U. was properly classified as a Tier III Juvenile Sex Offender/Child Victim Registrant because an order classifying him as such was included as part of the February 14, 2013 entry." The State asserts as follows:

> * * * T.U.'s position will likely be that the classification that the juvenile court made in its February 14, 2013 order of disposition is no longer valid because the juvenile court vacated the sex-offender-classification portion of its order in a separate entry filed twelve days later.  * * * Such an argument, however, necessarily presumes that the juvenile court's entry vacating the order classifying T.U. a juvenile sex offender registrant was itself a valid order.  It was not.
>
> Once a juvenile-sex-offender classification is made, the only provisions by which that classification may be modified or terminated are set out in R.C. 2152.84 and 2152.85.  In particular, R.C. 2152.84(A)(1) allows the juvenile court to determine whether its prior classification of the child as a juvenile sex offender registrant should be continued or terminated, but requires that such a determination be made only after a

hearing and only "upon completion of the disposition of that child * * *." But here, the juvenile court vacated its prior classification without holding a hearing and while T.U. was still serving his commitment to D.Y.S. The juvenile court's February 26, 2013 order vacating T.U.'s classification, therefore, was not authorized by R.C. 2152.84.

It was also not authorized by R.C. 2152.85, which the juvenile court, upon petition by the juvenile, to modify a prior classification, but requires the court to wait at least three years after the initial classification is made before entertaining such a petition (sic). * * * Here, no petition to modify the prior classification had been filed, and even if it had been only twelve days had passed since the initial classification was made, not three years as the statute requires (sic).

The consequence of all this is that, regardless of whether T.U.'s classification as a Tier III Juvenile Sex Offender/Child Victim Offender Registrant arises out of the juvenile court's February 14, 2013 dispositional order or its November 10, 2015 order, the classification remains valid. * * *

{¶ 15} Finally, the State argues that if this Court "determines that T.U. was never properly classified or that any prior classification is no longer in effect, the proper remedy would be to remand the matter back to the juvenile court for a new dispositional order."

{¶ 16} T.U. replies that "[c]ontrary to the State's assertion, the juvenile court does not issue more than one dispositional order." T.U. argues that "when the juvenile court vacated its February 14, 2013 order, and T.U. was not classified at disposition, the juvenile court lost jurisdiction to classify him as a juvenile offender registrant under R.C.

2152.82." T.U. asserts that "a remand is not appropriate in this case."

{¶ 17} We note that R.C. Sections 2152.82 to 2152.86 set forth Ohio's statutory scheme for juvenile-sex-offender classification and registration, and R.C. 2152.191, entitled "Application of certain sections of Revised Code to child adjudicated a delinquent child for committing sexually oriented offense," provides which juvenile offenders are subject to that scheme as follows:

If a child is adjudicated a delinquent child for committing a sexually oriented offense or a child-victim oriented offense, if the child is fourteen years of age or older at the time of committing the offense, and if the child committed the offense on or after January 1, 2002, both of the following apply:

(A) Sections 2152.82 to 2152.86 and Chapter 2950. of the Revised Code apply to the child and the adjudication.

(B) In addition to any order of disposition it makes of the child under this chapter, the court may make any determination, adjudication, or order authorized under sections 2152.82 to 2152.86 and Chapter 2950. of the Revised Code and shall make any determination, adjudication, or order required under those sections and that chapter.

{¶ 18} R.C. 2152.82(A), entitled "Juvenile offender registrant,"[3] provides:

---

[3] Pursuant to R.C. 2950.01(M), a " '[j]uvenile offender registrant' means a person who is adjudicated a delinquent child for committing on or after January 1, 2002, a sexually oriented offense or a child-victim oriented offense, who is fourteen years of age or older at the time of committing the offense, and who a juvenile court judge, pursuant to an order issued under section 2152.82, 2152.83, 2152.84, 2152.85, or 2152.86 of the Revised Code, classifies a juvenile offender registrant and specifies has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code. * * *."

(A)   The court that adjudicates a child a delinquent child shall issue as part of the dispositional order an order that classifies the child as a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

(1) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(2) The child was fourteen, fifteen, sixteen, or seventeen years of age at the time of committing the offense.

(3)The court has determined that the child previously was adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense, regardless of when the prior offense was committed and regardless of the child's age at the time of committing the offense.

(4) The court is not required to classify the child as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

(B)   An order required under division (A) of this section shall be issued at the time the judge makes the order of disposition for the delinquent child.   Prior to issuing the order required by division (A) of this section, the judge shall conduct a hearing under section 2152.831 of the Revised Code to determine whether the child is a tier I sex offender/child-victim offender,

a tier II sex offender/child victim offender, or a tier III sex offender/child victim offender. If the court determines that the delinquent child to whom the order applies is a tier III sex offender/child-victim offender and the child is not a public registry-qualified juvenile offender registrant, the judge may impose a requirement subjecting the child to the victim and community notification provisions of section 2950.10 and 2950.11 of the Revised Code. When a judge issues an order under division (A) of this section, all of the following apply:

(1) The judge shall include in the order a statement that, upon completion of the disposition of the delinquent child that was made for the sexually oriented offense or child-victim oriented offense upon which the order is based, a hearing will be conducted, and the order and any determinations included in the order are subject to modification or termination pursuant to 2152.84 and 2152.85 of the Revised Code.

* * *

(3) The judge shall include the order in the delinquent child's dispositional order and shall specify in the dispositional order that the order issued under division (A) of this section was made pursuant to this section.

* * *

(C) Except as provided in division (D) of this section, an order issued under division (A) of this section and any determinations included in the order shall remain in effect for the period of time specified in section 2950.07 of the Revised Code, subject to a modification or termination of the

order under section 2152.84 or 2152.85 of the Revised Code, and section 2152.851 of the Revised Code applies regarding the order and the determinations. If an order is issued under division (A) of this section, the child's attainment of eighteen or twenty-one years of age does not affect or terminate the order, and the order remains in effect for the period of time described in this division.

{¶ 19} R.C. 2152.83, entitled "Order classifying child as juvenile offender registrant; hearing to review effectiveness of disposition and treatment," provides:

(A)(1) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

(a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(b) The child was sixteen or seventeen years of age at the time of committing the offense.

(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender

registrant under section 2152.86 of the Revised Code.

(2) Prior to issuing the order required by division (A)(2) of this section, the judge shall conduct a hearing under section 2152.831 of the Revised Code, except as otherwise provided by that section, to determine whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender. When a judge issues an order under division (A)(1) of this section, the judge shall include in the order the determinations identified in division (B)(5) of section 2152.82 of the Revised Code.

{¶ 20} The juvenile court's dispositional order indicates that it classified T.U. pursuant to R.C. 2152.83(A)(1)(a)(b). Pursuant to the plain language of R.C. 2152.82, however, T.U.'s classification was mandatory under that section if he committed a sexually oriented offense between the ages of 14 and 17, and the court determined that he "previously was adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense * * *." Pursuant to R.C. 2152.83, that section only applies if the "court was *not* required to classify the child a child juvenile offender registrant under section 2152.82 of the Revised Code."

{¶ 21} Pursuant to R.C. 2152.82(A), the juvenile court was required to "issue as part of the dispositional order an order that classifies the child a juvenile offender registrant * * *." Pursuant to R.C. 2152.82(C), "an order issued under division (A) of this section and any determinations included in the order shall remain in effect for the period of time specified in section 2950.07, subject to a modification or termination of the order under section 2152.84 or 2152.85 of the Revised Code * * *."

**{¶ 22}** We agree with the State that the only means to alter T.U.'s classification as a tier III juvenile sex offender/child victim offender registrant (following his mandatory classification pursuant to R.C. 2152.82) is pursuant to R.C. 2152.84 and R.C. 2152.85. R.C. 2152.84, entitled "Hearings; orders," provides in part:

(A)(1)   When a juvenile court judge issues an order under section 2152.82 or division (A) or (B) of section 2152.83 of the Revised Code that classifies a delinquent child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code, upon completion of the disposition of that child made for the sexually oriented offense or the child-victim oriented offense on which the juvenile offender registrant order was based, the judge * * *   shall conduct a hearing to review the effectiveness of the disposition and of any treatment provided for the child, to determine the risks that the child might re-offend, to determine whether the prior classification of the child as a juvenile offender registrant should be continued or terminated as provided under division (A)(2) of this section, and to determine whether its prior determination made at the hearing held pursuant to section 2152.831 of the Revised Code as to whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender should be continued or modified as provided under division (A)(2) of this section.

**{¶ 23}**   R.C. 2152.85, entitled "Petitioning of judge by juvenile offender registrant," provides in part:

(A)  Regardless of when the delinquent child was classified a juvenile offender registrant, upon the expiration of the applicable period of time specified in division (B)(1),(2), or (3) of this section, a delinquent child who had been classified pursuant to this section or section 2152.82 or 2152.83 of the Revised Code a juvenile offender registrant may petition the judge who made the classification * * * to do one of the following:

(1)  If the order containing the juvenile offender registrant classification also includes a determination by the juvenile court that the delinquent child is a tier III sex offender/child victim offender, to enter, as applicable, an order that contains a determination that reclassifies the child as either a tier II sex offender/child-victim offender or a tier I sex offender/child-victim offender, the reason or reasons for that reclassification, and a determination that the child remains a juvenile offender registrant, or an order that contains a determination that the child no longer is a juvenile offender registrant and no longer has a duty to comply with section 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code.

(B)  A delinquent child who had been adjudicated a delinquent child for committing on or after January 1, 2002, a sexually oriented offense or a child-victim offense and who had been classified a juvenile offender registrant relative to that offense may file a petition under division (A) of this section requesting reclassification as described in that division after the expiration of one of the following periods of time:

(1)   The delinquent child initially may file a petition not earlier than three years after the entry of the juvenile court judge's order after the mandatory hearing conducted under section 2152.84 of the Revised Code.

* * *

{¶ 24}   The juvenile court classified T.U. as a juvenile offender registrant as part of its dispositional order on February 14, 2013. Based upon the foregoing, we conclude that since R.C. 2152.84 and R.C. 2152.85 do not authorize the February 26, 2013 order vacating T.U.'s sex offender classification, the order vacating the classification is void and a nullity.   We further note that T.U. was entitled to a mandatory hearing upon completion of disposition to review the effectiveness thereof, and the juvenile court held a classification hearing on November 5, 2015, again classifying him as a tier III juvenile sex offender/child victim offender registrant, thereby complying with the statutory scheme set forth in R.C. 2152.82 to 2152.86 for juvenile-sex-offender classification and registration.

{¶ 25} Since the juvenile court did not fail to classify T.U. "as part of its dispositional order," we conclude that T.U.'s first assigned error lacks merit, and it is accordingly overruled.

{¶ 26}   We will consider T.U.'s second and third assignments of error together. They are as follows:

THE JUVENILE COURT VIOLATED T.U.'S RIGHT TO DOUBLE JEOPARDY PROTECTIONS WHEN IT IMPOSED MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE, IN VIOLATION OF *STATE V. RABER*, 134 OHIO St.3d 350, 2012-OHIO-5636, 982 N.E.2D 684; FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION;

AND, ARTICLE I, SECTION 10, OHIO CONSTITUTION,

And,

THE JUVENILE COURT ERRED WHEN IT CLASSIFIED T.U. AS A TIER III JUVENILE OFFENDER REGISTRANT BECAUSE THE CLASSIFICATION PERIOD EXCEEDS BEYOND THE AGE JURISDICTION OF THE JUVENILE COURT, IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTIONS 9 AND 16, OHIO CONSTITUTION.

{¶ 27}  As briefly summarized by the Fifth District:

In *Raber*, the defendant, an adult offender, was convicted of sexual imposition; therefore, according to R.C. 2950.01(B)(2)(a), a finding of consent, or lack thereof, was required before the court could classify the offender as a registrant when the victim was over eighteen years of age and not under the custody of the offender. The indictment did not allege whether the sexual conduct between Raber and his girlfriend was consensual. At sentencing, the issue remained disputed. The trial court sentenced Raber to sixty days in jail, plus a fine and community control. The sentencing entry did not contain a registration requirement.

On March 2, 2010, thirteen months after sentencing, the trial court held an evidentiary hearing to determine whether Raber should be classified a Tier I sex offender subject to registration. During the hearing, the victim testified she had consented to vaginal intercourse, but not anal intercourse.

Based upon the testimony, the trial court determined the intercourse was not consensual, and proceeded in classifying Raber a Tier I sex offender.

The Supreme Court of Ohio vacated the classification finding the trial court lacked authority to classify Raber. The Court found R.C. 2950.01(B)(2) specifically excepted consensual conduct from being registration eligible, and the State needed to prove the issue before Raber was convicted and sentenced.

*In re D.S.,* 5th Dist. Licking No. 13-CA-58, 2014-Ohio-867, ¶ 27-29.

**{¶ 28}** We note that on March 30, 2016, the State filed a "Notice of Additional Authority," directing our attention to *In re D.S.,* 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184.[4]. Therein, the Ohio Supreme Court concluded as follows:

The Double Jeopardy Clause of the Fifth Amendment applies to juvenile delinquency proceedings. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 26, citing *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Double-jeopardy concerns prohibit the imposition of multiple criminal punishments for the same offense in successive proceedings. *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10 (noting that Article I, Section 10 of the Ohio Constitution also protects against double jeopardy). For both juveniles and adults, our cases hold that Ohio's sex-offender-classification scheme

---

[4] We note that a "Motion for Reconsideration of Appellant D.S." was filed in the Supreme Court of Ohio on March 28, 2016, and was denied on May 18, 2016.

"imposes additional criminal punishment on those convicted of sexually oriented offenses." *Raber* [, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684] at ¶ 23. An increased sentence is prohibited by the Double Jeopardy Clause when the defendant has a legitimate expectation of finality. *Id.* at ¶ 24. However, when a defendant is or should be aware at sentencing that the sentence may be increased, there is no legitimate expectation of finality to invoke a double-jeopardy concern. *See United States v. Husein*, 478 F.3d 318, 338 (6th Cir.2007), citing *United States v. Fogel*, 829 F.2d 77, 87 (D.C.Cir.1987).

We have held that the Double Jeopardy Clause barred the deferred sex-offender classification of an adult criminal defendant because registration and notification duties imposed criminal punishment and the defendant had a legitimate expectation of finality when the trial court entered its judgment of conviction and sentence. *Raber* at ¶ 23, 26–27. But, as we determined above, *Raber* is inapposite here. The defendant in *Raber* was classified under R.C. 2950.03(A)(2), which required notice at sentencing to the defendant of the duty to register. For a delinquent juvenile, however, R.C. 2950.03(A)(3) provides that notice of a duty to register must be given at the time specified in the applicable section of R.C. Chapter 2152, which permits classification upon the juvenile's release from a secure facility.

Additionally, because Raber had a legitimate expectation of finality when the trial court entered its judgment of conviction, the Double Jeopardy

Clause prohibited the trial court from conducting a sex-offender-classification hearing. But D.S.'s disposition order expressly stated that classification was deferred until his release, which provided D.S. with notice at disposition that a classification hearing would occur in the future and that registration and notification requirements could be imposed at that time. Thus, D.S. had no legitimate expectation of finality at disposition. Accordingly, we conclude that classification upon release from a secure facility as permitted under R.C. 2152.83 does not violate the prohibition against double jeopardy.

*In re D.S.*, ¶ 23-25.

{¶ 29} The Ohio Supreme Court further concluded as follows regarding due process:

Due-process rights are applicable to juveniles through the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 79, citing *In re Gault*, 387 U.S. 1, 41, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 70. What process is due depends on considerations of fundamental fairness in a particular situation. *C.S.* at ¶ 80; *C.P.* at ¶ 71.

*In re D.S.*, ¶ 28.

{¶ 30} The Court concluded that the "imposition of juvenile-offender-registrant status under R.C. 2152.82 * * * with corresponding duties lasting beyond age 18 or 21

includes sufficient procedural protections to satisfy the due-process requirement of fundamental fairness. And, given the allowance for periodic review and modification, it is consistent with the rehabilitative purpose of the juvenile system." *Id.*, ¶ 37.

**{¶ 31}** Regarding T.U.'s second assignment of error, we note that at the time of his February 14, 2013 dispositional order, he was classified as a Tier III Juvenile Sex offender/child victim offender registrant, and as such he had an attendant duty to register every ninety days *for life*, as the juvenile court advised him. R.C. 2950.06(B); R.C. 2950.07(B)(1). T.U. was on notice that upon his release from DYS, the juvenile court would conduct a hearing to address his ongoing classification, as required by R.C. 2152.82(B)(1). The hearing occurred on November 5, 2015, and T.U. was again classified a Tier III juvenile sex offender/child victim offender registrant. We agree with the State that T.U's reliance upon *Raber* is misplaced; Raber was an adult offender, and R.C. 2950.03, entitled "Notice of duty to register and related requirements," "directs a trial court to notify a sex offender of the duty to register as a sex offender at the time of sentencing for a sexually oriented offense." *Raber*, ¶ 2. In contrast, as the State notes, R.C. 2152.82 (B)(1) provides for review of classification after disposition, and R.C. 2152.84(A) also allows for reclassification/declassification upon completion of disposition. For the foregoing reasons, T.U.'s right to double jeopardy protections was not violated, and he was not subjected to multiple punishments for the same offense. Accordingly, T.U.'s second assignment of error lacks merit and is accordingly overruled.

**{¶ 32}** For the reasons set forth in *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, T.U.'s third assignment of error is rendered moot. In other words, the "imposition of juvenile-offender-registrant status under R.C. 2152.82 * * * with

corresponding duties lasting beyond age 18 or 21 includes sufficient procedural protections to satisfy the due-process requirement of fundamental fairness," since "juvenile-offender-registrant status is subject to statutorily prescribed review and can be modified or terminated at the discretion of the juvenile court." *Id.*, ¶ 35, 37. Since T.U.'s due process rights were not violated, and since T.U. was accordingly not subjected to cruel and unusual punishment, his third assignment of error is overruled.

**{¶ 33}** Having overruled T.U.'s three assigned errors, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Andrew T. French
Charlyn Bohland
Hon. Nick Kuntz