[Cite as *In re D.W.*, 2016-Ohio-8535.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| | | No. 16AP-179 |
| D.W., | : | (C.P.C. No. 15JU-6064) |
| (Appellant). | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on December 30, 2016

**On brief:** *Marc K. Fagin*, for D.W.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Katherine J. Press*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1} Appellant, D.W., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adopting a magistrate's decision that ordered D.W. to pay $1,000 restitution. For the following reasons, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} On May 12, 2015, a complaint filed in the juvenile court alleged that D.W., then 16, was a delinquent child. The complaint alleged that D.W. committed one count of burglary and one count of grand theft of a firearm. An adjudicatory hearing occurred on June 18, 2015, at which D.W. entered an admission to the count of burglary. The grand theft count was dismissed at the state's request. At the subsequent dispositional hearing held on June 30, 2015, a magistrate affirmed D.W. as a delinquent child and placed him

in the custody of the department of youth services for a minimum period of one year and for a maximum period of time not to exceed his 21st birthday. The magistrate suspended that time upon the condition that D.W. successfully complete a court-ordered intensive probation program. As a condition of his probation, the magistrate ordered D.W. to pay $300 restitution to the owner of the firearm. D.W. was also notified that restitution may increase if the state filed information for additional restitution for other victims within 30 days. That deadline, July 30, 2015, passed without the state seeking additional restitution for other victims.

{¶ 3} Almost one month later, on August 24, 2015, the state filed a "Motion to Exercise Continuing Jurisdiction" in which it asked the court to consider an alternative disposition by ordering D.W. to pay restitution to the homeowner victim. The state explained that it filed the motion after the 30-day deadline because the homeowner needed additional time to gather the necessary paperwork to support the restitution amount. D.W. objected to the state's request, arguing that the juvenile court lacked jurisdiction to award additional restitution because the state failed to request additional restitution before the 30 days expired. D.W. also argued that an increase in restitution would violate double jeopardy. After a hearing, the magistrate ordered D.W. to pay $1,000 in restitution to the homeowners.[1] Over D.W.'s objections, the juvenile court adopted the magistrate's decision.

## II. D.W.'s Appeal

{¶ 4} D.W. appeals and assigns the following error:

> The trial court erred as a matter of law by upholding the Magistrate's Decision ordering restitution in the amount of One Thousand Dollars and thereby sustaining the State's Motion for an Alternative Disposition filed after the proceedings below became final and jeopardy in punishment had attached.

{¶ 5} In this assignment of error, D.W. argues that the juvenile court's decision to impose additional restitution violated his right to be free from double jeopardy. We disagree.

---

[1] On October 2, 2015, the magistrate vacated his original order of restitution. It appears as though the gun owner was reimbursed by his insurance company for that loss.

{¶ 6} It is well-established that constitutional double jeopardy protections apply to juvenile proceedings. *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, ¶ 23; *In re Gillespie*, 150 Ohio App.3d 502, 2002-Ohio-7025, ¶ 20 (10th Dist.), citing *Schall v. Martin*, 467 U.S. 253, 263 (1984). Double jeopardy concerns prohibit the imposition of multiple criminal punishments for the same offense in successive proceedings. *In re T.U.*, 2d Dist. No. 26942, 2016-Ohio-7104, ¶ 28, quoting *In re D.S.* The primary purpose for the prohibition against double jeopardy is to preserve the finality or integrity of judgments. *In re Kelly*, 10th Dist. No. 95AP-613 (Nov. 7, 1995), citing *United States v. DiFrancesco*, 449 U.S. 117, 128 (1980); *In re Johnson*, 193 Ohio App.3d 555, 2011-Ohio-2706, ¶ 18 (3d Dist.). Therefore, any application of the Double Jeopardy Clause depends upon the legitimacy of a defendant's expectation of finality in the judgment. *Id.*; *In re Walker*, 10th Dist. No. 02AP-421, 2003-Ohio-2137, ¶ 33. An increased sentence is prohibited by the Double Jeopardy Clause when the defendant has a legitimate expectation of finality. *In re D.S.,* citing *In re Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 24. When a defendant is or should be aware at sentencing that the sentence may be increased, there is no legitimate expectation of finality to invoke a double jeopardy concern. *In re D.S.*, at ¶ 23, citing *United States v. Husein*, 478 F.3d 318, 338 (6th Cir.2007).

{¶ 7} Before addressing the merits of D.W.'s assignment of error, we first reject D.W.'s argument that the juvenile court lacked jurisdiction to consider the state's motion to exercise continuing jurisdiction after the deadline for requesting additional restitution passed. The juvenile court placed D.W. on court-ordered probation subject to certain terms and conditions. Once court-ordered probation is imposed, the juvenile court retains jurisdiction over the child, so long as the order itself remains in effect. *In re J.F.*, 121 Ohio St.3d 76, 2009-Ohio-318, ¶ 11-15. Therefore, the juvenile court had jurisdiction to decide the state's motion.

{¶ 8} We now turn to the merits of D.W.'s assignment of error, in which he argues that the juvenile court violated his double jeopardy rights by imposing additional restitution. He argues that he was entitled to expect finality in his restitution order after the state did not file for additional restitution in the 30-day period provided for by the juvenile court. We disagree.

{¶ 9}  D.W. was aware at the disposition hearing that the order of restitution could increase because the magistrate provided the state 30 days to file for additional restitution.  Although the state failed to meet that deadline, it sought additional restitution for another victim 24 days later.  The magistrate considered the state's untimely request in accordance with Juv.R. 18(B), which provides, in relevant part, that:

> [w]hen an act is required or allowed to be performed at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefore is made before expiration of the period originally prescribed or of that period as extended by a previous order, or (2) upon motion permit the act to be done after expiration of the specified period if the failure to act on time was the result of excusable neglect or would result in injustice to a party.

{¶ 10} Upon motion, this rule allows the juvenile court to permit untimely acts under certain circumstances.  D.W. argues that this rule has no bearing on the double jeopardy issue.  We disagree.  This rule negates D.W.'s legitimate expectation of finality in his order of restitution because it permits the juvenile court to allow an act to be done even after a deadline had passed if the failure to act was the result of excusable neglect or would result in injustice.  Here, the magistrate concluded that the state's failure to timely file its request for additional restitution satisfied both of these circumstances.  The juvenile court approved and adopted those conclusions and D.W. does not dispute them in this appeal.  Those conclusions are within the discretion of the juvenile court and would only be reversed on appeal upon an abuse of that discretion.  *In re Malone*, 10th Dist. No. 03AP-489, 2003-Ohio-7156, ¶ 28.

{¶ 11} Because Juv.R. 18(B) allows the juvenile court to permit untimely filings under certain conditions even after a deadline has passed, D.W. did not have a legitimate expectation of finality in his order of restitution.  Accordingly, the juvenile court's order of restitution did not violate his double jeopardy rights.  Therefore, we overrule D.W.'s assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.