[Cite as *State v. K.S.*, 2022-Ohio-365.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30015 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| K. S. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 15 11 3603 |

DECISION AND JOURNAL ENTRY

Dated: February 9, 2022

SUTTON, Judge.

{¶1} Defendant-Appellant, K.S., appeals the judgment of the Summit County Court of Common Pleas denying his application to seal his record of conviction for obstructing justice. For the reasons that follow, this Court reverses and remands for further proceedings consistent with this decision.

I.

**Relevant Background**

{¶2} In 2015, K.S. was indicted by the grand jury as follows:

[K.S.] on or about the 6th day of October, 2015, [] did commit the crime of [unlawful sexual conduct with a minor] in that he did engage in sexual conduct with [the victim] who was not the spouse of [K.S.], when [K.S.], being eighteen years of age or older, knew [the victim] was thirteen years of age or older but less than sixteen years of age, or was reckless in that regard, and said [K.S.] was ten or more years older than [the victim] in violation of Section 2907.04 of the Ohio Revised Code, a [felony of the third degree.]

K.S. pleaded not guilty to the indictment. Subsequently, however, K.S. pleaded guilty to the amended charge of *obstructing justice*, in violation of R.C. 2921.32(A)(5), a felony of the fifth degree. K.S. was convicted of obstructing justice and sentenced to 18 months of community control.

{¶3} On March 5, 2021, K.S. filed an application to seal his record of conviction for obstructing justice. In his application and supporting affidavit, K.S. indicated he qualified as a "first-time offender" for sealing purposes because, other than his conviction for obstructing justice, he had never been convicted of any other crime in Ohio or another state.[1] K.S. further indicated he had no pending criminal or traffic charges against him at that time. Additionally, K.S. stated he had been "rehabilitated" and "otherwise [led] a law-abiding life[.]" K.S. argued no legitimate reason existed for the government to maintain his record of conviction.

{¶4} The State did not file a response to K.S.'s application.

{¶5} On April 13, 2021, the trial court held a hearing on K.S.'s application wherein K.S.'s attorney presented the following information on the record:

> [B]ack in 2016, [K.S.] entered a plea to obstructing justice, a fifth[-] degree felony. This is the only offense in [K.S.'s] background, other than a subsequent DUI in 2019. This has been over five years ago. [K.S.] led an exemplary life prior to this incident.
>
> I would indicate to the [c]ourt that [K.S.] was a United States Marine, he entered the service in [] September 2009. He served four years. He was released in August of [2013]. He was on inactive reserves until September of 2016.
>
> [K.S.] received a number of commendations, including a Marine Corps Good Conduct Medal, Certification of Appreciations, Afghanistan Campaign Medal, National Defense Service Medal and others.

---

[1] K.S. acknowledged his 2019 OVI conviction, a traffic offense, which does not preclude sealing in this case.

The trial court then questioned K.S.'s attorney regarding eligibility for sealing due to an alleged 2015 conviction for unlawful sexual conduct with a minor. In response, K.S.'s attorney indicated that, while K.S. had been *charged* with unlawful sexual conduct with a minor, K.S. was actually *convicted* of obstructing justice. The State further indicated that so long as K.S. is eligible, it typically does not "object" to these types of applications.

{¶6} At the conclusion of the hearing, the trial court informed counsel that the "information from probation indicate[d] that [K.S.] is ineligible." As such, the trial court would take the matter under advisement and personally "look at it[.]" Lastly, the trial court stated "if [K.S.] is qualified to have his record sealed, I will do so. If he does not, I will deny that [application]." In a separate journal entry, the trial court denied K.S.'s application to seal his conviction for obstructing justice, stating only that: "[K.S.] is not statutorily [eligible]."

{¶7} K.S. now appeals raising one assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN REFUSING TO GRANT THE SEALING REQUEST BY [K.S.]**

{¶8} In his sole assignment of error, K.S. argues the trial court abused its discretion in denying his application to seal his record of conviction for obstructing justice due to statutory ineligibility. However, because this case turns upon the interpretation of the sealing statutes, and K.S.'s eligibility under the same, this Court employs a de novo standard of review. *See State v. Raber*, 9th Dist. Wayne No. 13CA0020, 2014-Ohio-249, ¶ 8. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *Id.,* citing *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶9}   R.C. 2953.32 permits an eligible offender to apply for the sealing of his conviction.[2]  R.C. 2953.32(A)(1) states, in relevant part, that:

* * *

an eligible offender may apply to the sentencing court if convicted in this state * * * for the sealing of the record of the case that pertains to the conviction, except for convictions listed under section 2953.36 of the Revised Code.  Application may be made at one of the following times:

* * *

(b) At the expiration of one year after the offender's final discharge if convicted of a felony of the fourth or fifth degree or a misdemeanor, so long as none of the offenses is a violation of section 2921.43 of the Revised Code. * * *

Indeed, "[b]ecause sealing is not a right, but a privilege-an 'act of grace created by the state'-it should only be granted when all of the requirements for eligibility are present.  *State v. J.M.,* 9th Dist. Summit No. 29874, 2021-Ohio-2668, ¶ 5, quoting *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996).  One such requirement is whether an offender's conviction is for an offense precluded from sealing.

{¶10}  Pursuant to R.C. 2953.36(A), the following convictions are precluded from sealing:

(1)  Convictions when the offender is subject to a mandatory prison term;

(2)  Convictions under section 2907.02, 2907.03, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters, except as otherwise provided in section 2953.61 of the Revised Code;

---

[2] On March 5, 2021, the date on which K.S. filed his application, an eligible offender was defined as either of the following: "[a]nyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense[.]"  R.C. 2953.31(A)(1)(a).

(3) Convictions under section 2907.04 of the Revised Code, unless a court has issued an order pursuant to section 2950.151 of the Revised Code to terminate the offender's duty to comply with sections 2950.04, 2950.05, and 2950.06 of the Revised Code;

(4) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01, or 2917.31 of the Revised Code that is a misdemeanor of the first degree;

(5) Convictions on or after October 10, 2007, under section 2907.07 of the Revised Code or a conviction on or after October 10, 2007, for a violation of a municipal ordinance that is substantially similar to that section;

(6) Convictions on or after October 10, 2007, under section 2907.08, 2907.09, 2907.21, 2907.22, 2907.23, 2907.31, 2907.311, 2907.32, or 2907.33 of the Revised Code when the victim of the offense was under eighteen years of age;

(7) Convictions of an offense in circumstances in which the victim of the offense was less than sixteen years of age when the offense is a misdemeanor of the first degree or a felony, except for convictions under section 2919.21 of the Revised Code;

(8) Convictions of a felony of the first or second degree;

(9) Bail forfeitures in a traffic case as defined in Traffic Rule 2; [and]

[10] Convictions of theft in office in violation of section 2921.41 of the Revised Code.

{¶11} Here, the transcript of the sealing hearing reveals the sole question regarding K.S.'s statutory eligibility rested upon whether or not he had been convicted of unlawful sexual conduct with a minor, which, pursuant to R.C. 2953.36(A)(3), is an offense precluded from sealing. Subsequent to K.S.'s counsel's explanation regarding the initial charge of unlawful sexual conduct with a minor versus K.S.'s actual conviction for obstructing justice, the trial court stated on the record it would research K.S.'s eligibility and grant the application if K.S. was, in fact, eligible. The State did not object or raise any other possible issues as to K.S.'s statutory

eligibility. Additionally, the record clearly indicates K.S. was, in fact, convicted of obstructing justice, which, pursuant to R.C. 2953.36(A), is not an offense precluded from sealing.

{¶12} Further, the crime of obstructing justice, pursuant to R.C. 2921.32(A)(5), does not include language regarding a victim. (*See* R.C. 2921.32(A)(5) stating: "No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime * * * shall do any of the following * * * [c]ommunicate false information to any person[.]") Therefore, the State's argument on appeal regarding a possible preclusion from sealing, pursuant to R.C. 2953.36(A)(7), due to the age of K.S.'s "victim" is misplaced.

{¶13} As indicated above, in denying K.S.'s application, the trial court simply stated K.S. was not eligible to have his conviction sealed with no further explanation or reasoning. This Court, however, in its de novo review of the record, cannot discern any issues precluding K.S.'s statutory eligibility for sealing his conviction for obstructing justice. As such, because K.S. is statutorily eligible to have his conviction sealed, we reverse and remand for the trial court, in the first instance, to determine if K.S. has been rehabilitated to its satisfaction and to weigh K.S.'s interests in sealing his conviction for obstructing justice against the legitimate needs, if any, of the government to maintain those records. *See* R.C. 2953.32(C)(1)(c) and (e).

{¶14} Accordingly, K.S.'s sole assignment of error is sustained.

III.

{¶15} For the reasons stated above, K.S.'s sole assignment of error is sustained and the judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed and remanded for further
proceedings consistent with this decision.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

EDMUND M. SAWAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.